Craig B. Whitney
Tiffany R. Caterina (admitted pro hac vice)
**FRANKFURT KURNIT KLEIN & SELZ PC**
28 Liberty Street
New York, NY 10005
Tel: (212) 980 0120
Fax: (212) 593 9175

Roberta A. Kaplan
Sean Hecker
Gabrielle Tenzer
David Shieh
**KAPLAN HECKER & FINK LLP**
350 Fifth Avenue, Suite 7110
New York, NY 10118
Tel: (212) 763-0883
Fax: (212) 564-0883

*Attorneys for Defendant and*
*Counter-Claimant Elysium Health, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------x
:
*In re: Elysium Health-ChromaDex Litigation*    Case No. 1:17-cv-07394 (LJL)
:
**STIPULATED PROTECTIVE ORDER**
:
:
-----------------------------------------x

## RECITALS AND GOOD CAUSE STATEMENT

WHEREAS Plaintiff and Counter-Defendant ChromaDex, Inc. ("ChromaDex") and Defendant and Counterclaimant Elysium Health, Inc. ("Elysium") (each individually, a "Party" and collectively, the "Parties") contemplate that discovery in the above-captioned action (hereinafter referred to as "the Action") may involve the production of documents and other

information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted;

WHEREAS The Parties acknowledge that this stipulation (and if approved, Order) seeks to protect the confidentiality of materials exchanged throughout the Action between the Parties or by third parties that may contain trade secret or other confidential research, technical, cost, price, marketing, or commercial information, or other information that may be protected from public disclosure by a person's right to privacy;

WHEREAS The Parties acknowledge that this stipulation (and if approved, Order) does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS The Parties further acknowledge that this stipulation (and if approved, Order), does not create entitlement to file confidential information under seal;

NOW THEREFORE In light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing Party and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, good cause exists to enter a protective order in this matter.

## STIPULATION

1.      **Scope.** The following terms, conditions, procedures, and restrictions (collectively, "Protective Order") govern the use and handling of: (a) all documents, electronic data, and any other form of information produced or voluntarily exchanged in the Action by any Party or nonparties, including any "Writings" (as that term is defined in Rule 1001 of the Federal Rules of Evidence); (b) all discovery contemplated by Rules 26-36 of Federal Rules of Civil Procedure, including responses to all written discovery requests and demands, deposition testimony and exhibits, however recorded; and (c) any other written, recorded, or graphic matters exchanged by and between the Parties (collectively, "Material").

2.      **Designated Material**. Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the terms of this Protective Order ("Designated Material") may include, without limitation: (a) all copies, extracts, and complete or partial summaries prepared from Designated Material; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any Designated Material; and (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any Designated Material; and (d) deposition testimony designated in accordance with this Protective Order.

3.      **Designations**. It shall be the duty of the producing Party or non-party subpoenaed in this action ("Producing Party") to give notice that Material that it produces in disclosures or in responses to discovery is Designated Material.

4.      **Obligations**. The duty of the Party or Parties receiving the Designated Material ("Receiving Party") and of all other persons bound by this Protective Order to maintain the confidentiality of Designated Material so designated shall commence with receipt of the

Designated Material. Designated Material shall be designated by the Designating Party, subject to the provisions of this Protective Order, with one of the following designations:

    a. "CONFIDENTIAL";

    b. "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY" Consistent with this Protective Order, the attorneys of record shall exercise all reasonable care to control duplication of, access to, and distribution of copies of Designated Material.

**5.** **CONFIDENTIAL Designation**: A Designating Party may designate Material as "CONFIDENTIAL" if it reasonably believes such material constitutes, discloses, or relates to processes, operations, research, technical or developmental information, production, marketing, sales, financial, or other proprietary data, or nonpublic information of commercial value, the public disclosure of which will cause harm to the Producing Party and/or third party to whom a duty of confidentiality is owed.

**6.** **HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY Designation**: A Designating Party may designate Material as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" if it reasonably believes such material constitutes or contains, in whole or in part, information the public disclosure of which will cause harm to the Producing Party and/or third party to whom a duty of confidentiality is owed if the information becomes known to a Party other than the Designating Party and which (a) relates to the competitive position of the Designating Party; (b) relates to future product or service offerings; (c) includes or incorporates confidential and sensitive financial or commercial information, including, but not limited to, sales and revenue information, or the identification of actual or potential customers or retail partners; or (d) includes or incorporates private personal information.

FKKS:2520131v.1     29159.200

7.  **Good-Faith Designation:** Each Party agrees that designation of Material as either "Confidential" or "Highly Confidential – Attorney's Eyes Only" and responses to requests to permit further disclosure of Designated Material shall be made in good faith and not (a) to impose burden or delay on an opposing Party, or (b) for tactical or other advantage in litigation.

8.  **Designating Written Materials:** Each page of any Designated Material must be labeled with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" as appropriate, at the time the Material, or a copy thereof, is provided to the Receiving Party. In the case of Material contained in or on media other than paper (e.g., natively produced documents), the Designating Party shall affix such a label to the production media, appropriately title the file name, or otherwise use its best efforts to identify the contents or information as Designated Material. Additionally, a Party may give notice to all other Parties in the Action, in writing, that material produced by another Party or third party is Designated Material covered by this Protective Order.

9.  **Inadvertent Failure to Designate:** The failure by a Designating Party to designate specific Materials as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall not, by itself, be deemed a waiver in whole or in part of a claim of confidentiality as to such Materials. Upon written notice to the Receiving Party of such failure to designate, or of incorrect designation, the Receiving Party shall cooperate to retrieve disseminated copies, and restore the confidentiality of the information that was inadvertently disclosed beyond those persons authorized to review such information pursuant to Paragraphs 14-16 and shall thereafter take reasonable steps to ensure that the Designated Material is treated in accordance with the correct designation. No person or Party shall incur any liability hereunder

FKKS:2520131v.1                                                                                                                                                      29159.200

with respect to any good faith, otherwise permissible disclosure that occurred prior to the receipt of written notice of the mistaken designation.

10. **Designating Deposition Testimony:** Counsel for the Designating Party may identify a deposition transcript in whole or in part, and/or deposition exhibits as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" either by (a) so stating on the record during the deposition, or (b) providing written notice to counsel for the Receiving Party within twenty-one (21) calendar days from the day the Designating Party received the final deposition transcript from the court reporter.[1] Deposition exhibits previously designated as containing Designated Material do not need to be re-designated to retain their protection under this Protective Order.

      a. At any deposition session, when counsel for a Designating Party deems that the answer to a question will result in the disclosure of Designated Material, counsel shall have the option, in lieu of or in addition to taking other steps available under the Federal Rules of Civil Procedure, to direct that the testimony shall be treated in accordance with a designation under Paragraph 4 of this Protective Order. Counsel for the Designating Party whose Material is involved may also request that all persons other than the witness and individuals who may have access to such Designated Material under the appropriate designation in Paragraph 4 of this Protective Order, leave the deposition room during the confidential portion of the deposition.

      b. Deposition transcripts containing Designated Material shall be prominently marked on the front page with a statement that provides "THIS DEPOSITION

---

[1] During the twenty-one day period following receipt by the Designating Party of the final deposition transcript, before the deadline to designate the portion(s) of the transcript containing Designated Material, the transcript shall be treated as containing HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY information unless otherwise agreed to in writing or on the record at the deposition by the Parties.

6
FKKS:2520131v.1                                                                                          29159.200

TRANSCRIPT CONTAINS [insert appropriate designation under Paragraph 4 of this Protective Order] THAT IS SUBJECT TO A PROTECTIVE ORDER." Deponents may review their own transcript in its entirety, including any portions of the transcript designated pursuant to Paragraph 4 of this Protective Order, to ensure that it is accurate and complete. In all other instances, only those individuals authorized under Paragraphs 14-16 will be provided with access to any portions of deposition transcripts or exhibits designated pursuant to Paragraph 4 of this Protective Order Notwithstanding the foregoing, no deponent (other than individuals who may have access to the same material under this Protective Order) may retain or copy any portion of the transcript of the deposition that contains the designated material without permission of the Designating Party.

11. **Applicability to Court Reporters**: Any court reporters who transcribe testimony in this Action at a deposition shall treat all Designated Material as confidential and will not disclose Designated Materials except as provided under this Protective Order.

12. **Permissible Uses of Designated Material Generally**: Any Designated Material produced in this Action, along with the information contained in such Designated Material, shall be used by a Receiving Party only for the purpose of this Action (including any appeal), and not for any other purpose, including any business, governmental, commercial, administrative, or judicial proceedings. No person subject to this Protective Order, except the Designating Party, may disclose, in public or private, any Designated Material, except as provided for in this Protective Order or as further ordered by the Court. However, nothing contained herein shall preclude a Designating Party from voluntarily waiving any provision in this Protective Order with respect to any Designated Material without further order of the Court.

**13. Permissible Disclosures of CONFIDENTIAL Material**: Only the following persons shall have access to or retain material designated as "CONFIDENTIAL" pursuant to Paragraph 5 of this Protective Order:

    a. the Court and its official personnel involved in this Action, court reporters (in court and in depositions), persons operating video recording equipment at depositions, and any special master appointed by the Court;

    b. the Parties in this Action and their respective employees, officers, directors, and executives;

    c. Counsel for the Parties in this Action. For the purposes of this Protective Order, "Counsel" means in-house counsel and personnel at the law firms retained by the Parties whose attorneys have made notices of appearance in this Action, including partners, counsel, of counsel, associates, staff attorneys, paralegals, secretaries, paralegal assistants and employees of such attorneys in connection with work on this Action;

    d. Litigation support personnel retained by Counsel to assist in the preparation and/or litigation of this Action, including contract attorneys, graphic design consultants, trial presentation and jury consultants, mock jurors, outside copying service vendors and electronic document management vendors;

    e. Any person who was an author of the "CONFIDENTIAL" Material, who was involved in the preparation of such material, who previously received or reviewed such material for purposes other than this Action, or who has in good faith been alleged to have received or reviewed such material for purposes other than this Action, provided that such person may not retain the "CONFIDENTIAL" Material after the deposition;

f.  Outside experts and consultants retained by the Receiving Party's Counsel to assist in this Action (as well as the experts' or consultants' staff whose duties and responsibilities require access to such materials), provided that the procedure and requirements described in Paragraph 15 below are followed;

g.  Persons whom the Parties (including the Designating Party) agree in writing or on the record at a deposition may be shown "CONFIDENTIAL" material, provided that such person has executed the Confidentiality Undertaking (in the form attached hereto as Exhibit A); and

h.  anyone else the Court so orders.

**14. Permissible Disclosures of HIGHLY CONFIDENTIAL Material**: Only the following persons shall have access to or retain material designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY":

a.  persons listed in Paragraph 13(a), (c), (d) and (e) above;

b.  provided that the procedure and requirements described in Paragraph 15 below are followed, persons listed in Paragraph 13(f) above;

c.  persons whom the Parties (including the Designating Party) agree in writing or on the record at a deposition may be shown "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" material, provided that such person has executed the Confidentiality Undertaking (in the form attached hereto as Exhibit A); and

d.  anyone else the Court so orders.

**15. Disclosure to Experts or Consultants**: Counsel for a Receiving Party may not disclose Designated Material to any outside expert or consultant, whether or not such expert has

been designated to provide testimony pursuant to FED. R. CIV. P. 26(a)(2), except in accordance with this paragraph.

      a. Persons receiving Designated Material subject to this Paragraph 15 must first execute the Confidentiality Undertaking (in the form attached hereto as Exhibit A).

      b. Persons receiving Designated Material designated HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY subject to this Paragraph 15 must not be persons who are (i) directors, officers, employees, or advisory board members of any Party; or (ii) directors, officers, employees, or advisory board members of any competitor of any Party. As used in this Paragraph 17 "competitor" means any person (including any natural person and individual, firm association, partnership, corporation, joint venture, government entity or other form of legal or business entity, public or private), currently manufacturing or selling a product competing with the products related to the operative Complaint or Counterclaim in this matter.

**16. Third Party Protected Material in Possession of Parties**. During the course of this Action, a Party may be requested to produce to another Party documents and other information that is subject to contractual or other obligations of confidentiality owed to a third party by the Party receiving the request. The Party subject to such contractual or other obligation of confidentiality shall contact the third party and within one business day of receiving the request inform the third party of the contents of this Protective Order and specifically of this paragraph. The Party receiving such request shall direct the third party that it will have 21 days from the date of such notice either to seek a protective order or other relief from this Court, or to request the Party subject to such contractual or other obligation of confidentiality to make such application.

a. If neither the third party nor the Party owing such obligation seeks a protective order or other relief from this Court within 21 days, the receiving Party shall produce the information responsive to the discovery request, subject to Paragraph 16(c), but may affix the appropriate controlling designation..

b. If the third party (or, pursuant to Paragraph 16(c), the party requested to produce documents) timely objects and seeks a protective order or other relief from this Court, the receiving Party shall not produce any information in its possession or control that is purportedly protected by its contractual or other obligation of confidentiality before a determination by the Court, but the Party owing such contractual or other obligation of confidentiality shall provide the requesting Party any documents or other information in its possession or control that purport to give rise to the contractual or other obligation of confidentiality no fewer than seven (7) business days prior to the time the requesting Party must submit its opposition to the third party's request for a protective order or other relief from the Court.

c. The party requested to produce documents may object and seek a protective order or other relief from the Court instead of, or in addition to, the Third Party.

d. Production by Third Parties. If documents, things, or information are requested from a third party and such third party claims that certain of the documents, things, or information requested are confidential or proprietary to such third party or contain information that is protected from public disclosure by a person's right to privacy, such third party may, if it desires, agree to be bound by the terms of this Protective Order and designate material it is producing, pursuant to Paragraph 4. If a third party designates material pursuant to Paragraph 4, or otherwise agrees to be bound by this Order, the third party shall be subject to the jurisdiction

FKKS:2520131v.1	29159.200

of the Court, and agrees that the Court shall be the appropriate forum for any disputes related to discovery in this action.

**17. Motion to Disclose Designated Material**: In the event that a Party desires to provide access to specific Designated Material to any person or category of persons not included in Paragraphs 14 through 16 hereof, that Party shall identify the specific Designated Material at issue, meet and confer with the Designating Party about the same, and, if necessary, move this Court for an order that such person or category of persons may be given access to such Designated Material.

**18. De-designation of Designated Material**: The Parties agree to work together in good faith to resolve disputes over whether Designated Material is within the scope of materials to be protected from disclosure by this Protective Order. For purposes of the Action or any other action, no Party concedes that any Designated Material designated by any other person does in fact contain or reflect trade secrets or other confidential proprietary or commercial information. A Party shall not be obligated to challenge the propriety of the designation of Designated Material at the time made, and failure to do so shall not preclude a subsequent challenge. If a Receiving Party seeks removal of protection for particular items designated as Designated Material on the ground that such protection is not warranted under controlling law, the following procedure shall be used:

a. The Receiving Party seeking such removal shall give counsel of record for the Designating Party notice thereof, specifying the documents, things, or information for which such removal is sought and the reasons for the request. The Designating Party shall have ten (10) Court days after receiving that notification within which to object to the removal of protection afforded by this Protective Order. Any such objection shall be made in writing. Failure to object

within the requisite time limit is deemed a waiver of any claim to protection for that specific document, thing, or information under this Protective Order.

    b. If the Parties, or the Party and third party, cannot reach agreement concerning the matter, the dispute shall be resolved in accordance with FED. R. CIV. P. 37 and Local Civil Rule 37.2. The Designated Material shall continue to be treated in accordance with the original designation until the issue is resolved by Order of this Court or by agreement of the Parties or the Party and third party. In addition to service on the opposing Party, a copy of any such motion shall be served on any third party who is the Producing Party with respect to the materials at issue and such third party Producing Party shall have standing to oppose such motion before the Court.

  **19. Filing Designated Material Under Seal**: Should any Party seek to file with the Court any material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to Paragraph 4 above, such Party shall request that the Court permit filing of such Designated Material under seal and that such Designated Material be made available only to the Court and to persons authorized by the terms of this Protective Order. The Party filing any paper that contains, summarizes, or reflects any such Designated Material shall request that the material be filed under seal. If filed under seal, such material shall remain sealed while in the office of the Clerk so long as the material retains its status as Designated Material and/or until further order of the Court. Where possible, only portions of the filings designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or supporting papers so designated shall be filed under seal. In such cases, the filing Party should also file a redacted version of the filing and supporting papers. Nothing in this Protective Order shall be deemed to limit the discretion of the Court to deny a request to

designate material as Designated Material, to file Designated Material under seal, or to unseal material containing Designated Material if filed under seal.

**20. Use of Designated Material During Pre Trial Hearings and Other Proceedings**: Nothing contained in this Protective Order shall be construed to prejudice any Party's right to use before the Court any Designated Material. However, before doing so, the Party intending to use Designated Material shall so apply to the Court for appropriate protection and inform the Producing Party. Either the Designating, Receiving, or Producing Party may apply to the Court for appropriate protection, including clearing the hearing room or courtroom of persons not entitled to receive Designated Material pursuant to paragraphs 14 through 16. Nothing in this Protective Order shall be deemed to limit the discretion of the Court to withhold confidential treatment for Designated Material introduced in evidence at trial or other proceedings, even if such material has previously been sealed or designated as confidential.

**21. Subpoena by Other Courts or Agencies**: If another court or an administrative agency subpoenas or orders production of any Designated Material that a Party has obtained in this Action under the terms of this Protective Order, such Party shall promptly notify the Designating Party of the pendency of such subpoena or order within seven (7) calendar days of receiving said subpoena or order. If the Designating Party elects to resist production of the materials, it shall promptly so notify the subpoenaed party and the latter shall cooperate in affording the Designating Party the opportunity to oppose or limit production of the materials. Nothing in this Protective Order restricts or limits a Party's ability to comply with a lawful subpoena or order of a court or administrative agency; nor does this Protective Order relieve a Party of its obligation to comply with such a subpoena or order.

**22. Modification and Non-Waiver**: Nothing in this Protective Order shall prevent any Party or other person from seeking modification of this Protective Order (either by motion or agreement of the Parties hereto, subject to Court approval), from objecting to or seeking further limitations on discovery that it believes to be otherwise improper, or from seeking further or different orders from the Court. In addition, by stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order. The Court retains the right to modify this Protective Order on its own motion.

**23. Withholding and Clawback of Material**: The protection afforded by this Protective Order shall in no way affect a Party's or third party's right to withhold or clawback documents subject to the relevant provisions of the Order Regarding Discovery of ESI also entered in the Action. Paragraph V(E) of the Order Regarding Discovery of ESI is hereby incorporated into this Protective Order.

**24. Use of Designated Material at Trial**: This Protective Order governs the confidentiality of Designated Material before and after trial. Nothing contained in this Protective Order shall restrict or limit any Party's right to present Designated Material to the jury or the Court during a trial in this Action. Confidentiality concerns at trial must be separately raised with the Court at the appropriate time.

**25. Designations Not Admissible**: Unless the Parties stipulate otherwise, neither Party shall offer evidence of the existence or nonexistence of a designation under this Protective Order for any purpose at trial, nor shall any Party argue that the designation or acceptance of any information designated pursuant to this Protective Order constitute an admission or

15
FKKS:2520131v.1                                                                                      29159.200

acknowledgement that the material so designated is in fact proprietary, confidential or a trade secret.

**26. Publicly Available Material**: The restrictions set forth in this Protective Order shall not apply to documents, things, or information that the Parties agree, or that the Court rules: (a) have become public knowledge in a manner other than through a violation of this Protective Order; or (b) have been independently obtained by the non-Designating Party, as evidenced by written documentation.

**27. Client Consultation**: Nothing in this Protective Order shall prevent or otherwise restrict Counsel from rendering advice to their clients in this Action and, in the course thereof, relying generally on examination of Designated Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not disclose the specific contents of Designated Material to persons not authorized to receive such material pursuant to this Protective Order.

**28. Non-Termination**: The provisions of this Protective Order shall not terminate at the conclusion of this Action.

a. Except for materials covered by this Protective Order that have been filed or otherwise are in the Court's possession, within forty-five (45) calendar days after final conclusion of all aspects of this Action (including any appeal), unless otherwise agreed to in writing by counsel for the Designating Party, Designated Material and all copies of same shall be returned to the Party or person that designated such documents or shall be destroyed from all reasonably accessible locations. All counsel of record shall make certification of compliance herewith, and shall deliver the same to counsel for the Party who produced the documents not more than sixty (60) calendar days after final termination of this Action (including any appeal).

b. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, exhibits, legal memoranda, correspondence, and attorney, expert, and consultant work product, even if such materials contain Designated Material. Further, the Parties' Counsel are not required to delete information that resides on their respective firm's electronic back-up systems that are overwritten in the normal course of business. Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order and shall be maintained in a safe and secure manner.

**29. Remedies**: The provisions of this Protective Order shall remain in effect after the conclusion of this Action to provide the Court with jurisdiction to enforce its terms. The Receiving Party shall make all persons to whom disclosure of any Designated Material is made pursuant to this Protective Order aware of the terms of its Protective Order, and each such person agrees to subject himself or herself to the jurisdiction of the Court in which this Action is pending for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

a. In the event anyone shall violate, or threaten to violate, any term of this Protective Order, the Parties hereto agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such person. Because of the confidential and proprietary nature of the information contemplated to be covered by this Protective Order, legal remedies alone may be inadequate. Therefore, injunctive relief may be an appropriate remedy to prevent any person from using or disclosing confidential information in violation of this Protective Order.

b. In the event that a dispute regarding a threatened or actual violation of this Protective Order cannot be resolved after a good faith meeting and conference between the

Parties, after which the non-breaching party files a motion or action seeking equitable or legal remedies for a violation of this Protective Order, the Parties agree that the Court may exercise its discretion to award the prevailing party all reasonable costs and expenses related thereto, including reasonable attorney's fees.

      c. Notices under this Protective Order shall be provided to the Parties' respective counsel of record at their mailing or addresses of record, unless this provision is modified by the Parties in writing.

    **30. Applicability Pending Court Approval**: Until such time as this Protective Order has been entered by the Court the Parties agree that upon execution by all of the Parties, it will be treated as though it has been "So Ordered."

IT IS SO STIPULATED

Respectfully submitted,

Dated: New York, New York
February 14, 2020

**FRANKFURT KURNIT KLEIN & SELZ PC**

By: */s/ Craig B. Whitney*
    Craig B. Whitney
    Tiffany R. Caterina (Admitted pro hac vice)
    FRANKFURT KURNIT KLEIN & SELZ PC
    28 Liberty Street
    New York, New York 10005
    Telephone: (212) 980-0120
    Fascimile: (212) 593-9175
    cwhitney@fkks.com
    tcaterina@fkkscom

Roberta A. Kaplan, Esq.
Sean Hecker, Esq.
Gabrielle Tenzer, Esq.
David Shieh, Esq.
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118
Telephone: (212) 763-0883
Facsimile: (212) 564-0883
rkaplan@kaplanhecker.com
shecker@kaplanhecker.com
gtenzer@kaplanhecker.com
dshieh@kaplanhecker.com

*Attorneys for Defendant and Counter-Claimant Elysium Health, Inc.*

Dated: New York, New York
February 14, 2020

By: /s/ *Joe H. Tuffaha*
Joe H. Tuffaha
Prashanth Chennakesavan
LTL ATTORNEYS LLP
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Telephone: (213) 612-8900
Facsimile: (213) 612-3773
joe.tuffaha@ltlattorneys.com
prashanth.chennakesavan@ltlattorneys.com

*Attorneys for Plaintiff and Counter-Defendant ChromaDex, Inc.*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED

DATED: 2/20, 2020

_____
Hon. Lewis J. Liman
United States District Court for the Southern District of New York

# **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

  I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on _____, in the case of *In re: Elysium Health-ChromaDex Litigation*, Case No. 1:17-cv-07394 (LJL). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

20

FKKS:2520131v.1    29159.200