

LTL ATTORNEYS LLP
300 S. GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071
TEL: 213-612-8900  |  FAX: 213-612-3773
WWW.LTLATTORNEYS.COM

LOS ANGELES  |  SAN FRANCISCO  |  NEW YORK  |  ORANGE COUNTY

<u>**Via ECF**</u>

April 2, 2021

Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

     *Re: In re Elysium Health-ChromaDex Litigation*, No. 17 Civ. 7394 (LJL)

Dear Judge Liman,

     We write on behalf of Plaintiff ChromaDex, Inc. ("ChromaDex") to oppose Defendant Elysium Health, Inc.'s ("Elysium") letter-motion filed on March 31, 2021 seeking to compel production of certain expert material. ECF No. 181. Specifically, Elysium asks the Court to compel ChromaDex to produce "all computer spreadsheets and any other work papers . . . relied upon by [ChromaDex's] damages expert, Lance Gunderson, in formulating the opinion set forth in his expert report." *Id.* at 1. Elysium's request should be denied for the reasons set forth below.

     Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure sets forth the disclosures required in an expert witness's report. It provides in relevant part that the report must contain (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; and (iii) any exhibits that will be used to summarize or support them. The phrase "facts or data" was substituted in the 2010 rule amendments for the prior phrase "data and other information." Fed. R. Civ. P. 26(a)(2)(B) (Advisory Notes to 2010 amendments).

     Here, ChromaDex served an expert report from its damages expert, Lance Gunderson, on March 4, 2021 (the "Expert Report"). In the Expert Report, Mr. Gunderson provides opinions regarding ChromaDex's damages and regarding various damages aspects pertaining to this action. In particular, Mr. Gunderson provides his opinion as to the amount of ChromaDex's damages under alternative damages scenarios should Elysium be found liable on one or more of ChromaDex's claims.

     Schedule 3 to Mr. Gunderson's report, attached hereto as Exhibit A, identifies the "Information Reviewed and Considered" in preparation of his opinion. Elysium has not identified—and cannot identify—a single document on the list to which it does not have access. That is because every document was either exchanged in discovery or is in the public domain. Mr. Gunderson's calculations are also reflected in the final Expert Report. Namely, in a series of



schedules attached to the report, Mr. Gunderson lays out the figures upon which his opinion is based, including for instance revenue from the relevant products, costs, and profits, and details the way in which he derived these amounts. Mr. Gunderson also includes footnotes in each of these schedules identifying the underlying documents from which he derived relevant data.[1]

Elysium is thus incorrect in its suggestion that ChromaDex produced "only a handpicked selection of spreadsheets and data that form the basis of Mr. Gunderson's analysis," and that "Elysium is entitled to all such facts and data." ECF No. 181 at 2. In fact, Elysium has been provided all of the underlying "facts and data." What Elysium is requesting now are *draft or unreported calculations* that Mr. Gunderson prepared as part of the drafting process and "work papers" which reflect his drafts and communication with counsel.[2]

Rule 26 precludes what Elysium seeks. "[D]rafts of any report or disclosure required under Rule 26(a)(2)" and "communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B)" are not subject to Rule 26's disclosure requirement. Fed. R. Civ. P. 26(b)(4)(B) & (C). Rule 26(b)(4)(B) explicitly states that an expert's draft report is protected from disclosure "regardless of the form in which the draft is recorded." FRCP 26(b)(4)(B). "Spreadsheets, graphs, presentations, and charts are protected under Rule 26(b)(4)(B), so long as the documents were prepared by the testifying expert to be included in draft expert reports." *Davita Healthcare Partners, Inc. v. United States*, 128 Fed. Cl. 584, 591 (Fed. Cl. 2016) (collecting cases); *see Deangelis v. Corzine*, No. 11 Civ. 07866 (VM) (JCF), 2016 WL 93862, at *4-5 (S.D.N.Y. Jan 7, 2016) (recognizing that an expert's prepared chart used in a draft expert report was properly protected). Importantly, spreadsheets, graphs, and analyses created by an expert in consultation with counsel—which are protected—are separate and distinct from the underlying facts and data themselves, which are not protected. *Davita*, 128 Fed. Cl. at 590 (noting that the defendant mistakenly equated "interpretations of data that reflect counsel's mental impressions and result from the expert's and counsel's collaborative efforts to organize and present data" with the facts and data themselves).

Elysium has the underlying facts and data, and the bases and methods of Mr. Gunderson's calculations. Its request for intermediary drafts of excel worksheets is inappropriate. As noted above, Rule 26 provides that draft reports are protected from disclosure "*regardless of the form in which the draft is recorded*." Fed R. Civ. P. 26(b)(4)(B) (emphasis added). Intermediary documents and calculations created for the purpose of drafting an expert report are part of the draft report. *See Etherton v. Owners Ins. Co.*, No. 10 Civ. 00892 (MSK) (KLM), 2011 WL 684592, at *2 (D. Colo. Feb. 18, 2011) (quoting with emphasis Fed. R. Civ. P.

---

[1] Because the schedules explaining Mr. Gunderson's calculations contain information designated "Highly Confidential – Attorneys' Eyes Only" by both parties, ChromaDex has not attached them to this letter. Counsel will either file the entirety of the Expert Report under seal—or make it available for the Court's *in camera* review—upon request.

[2] ChromaDex has explained this to Elysium via meet-and-confer correspondence attached hereto as Exhibit B. During the meet-and-confer process, Elysium did not attempt to challenge or distinguish the authorities provided by ChromaDex in support of its position that the requested information is protected from disclosure.



26(b)(4)(B) (trial preparation protections of Rule 26(b)(3)(A) and (B) apply to "drafts of any [expert] report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.")).

The cases cited by Elysium are inapposite. For instance, Elysium cites a case from the Northern District of Illinois where the party was required to produce information in "a computer-searchable format," even if the party "previously produced the same information in a different document or format." ECF No. 181 at 2 (quoting *Jones v. Nat'l Council of Young Men's Christian Ass'ns of the U.S.*, No. 09 Civ. 6437, 2011 WL 3273868, at *2 (N.D. Ill. July 28, 2011)). It goes without saying that production of a document in computer-searchable format is entirely different than production of an intermediate spreadsheet with calculations.[3]

Likewise, Elysium cites the parties' exchange of Excel versions of the data underlying the parties' survey expert reports as purported proof that ChromaDex's refusal to provide the material requested here is "dubious," arguing that "[t]here is no reason for ChromaDex to apply a different rationale to its Damages Report." ECF No. 181 at 2-3. However, in raising this example, Elysium highlights the distinction between the type of materials protected from disclosure and those that are not. The survey report spreadsheets contained the underlying facts themselves—namely, the results of consumer surveys that were generated by each of the experts and then relied upon in preparing their reports. In fact, both survey experts reproduced the underlying facts—the results of the surveys—in their reports. Subsequently, the parties exchanged Excel versions of information already disclosed. Those Excels did not contain intermediate, draft interpretations of data or calculations.

In sum, Elysium's request goes beyond a request for underlying "facts and data"—which it has. Rather, Elysium seeks material fitting squarely within the protections of Rule 26. Accordingly, ChromaDex respectfully submits that Elysium's motion to compel must be denied.

Sincerely,

*s/ Joe H. Tuffaha*
Joe H. Tuffaha

CC:    Via ECF to counsel of record

---

[3] Elysium also cites case law pre-dating the 2010 amendments to the Federal Rules of Civil Procedure, which, *inter alia*, expanded the protection afforded to discovery into attorney-expert communications and limited the discovery of draft expert reports.