# Frankfurt Kurnit Klein + Selz PC

**Craig B. Whitney**

28 Liberty Street, New York, New York 10005

T (212) 826-5583 F (347) 438-2106

cwhitney@fkks.com

April 12, 2021

<u>**VIA ECF**</u>

Hon. Lewis J. Liman

United States District Judge

United States District Court

Southern District of New York

500 Pearl Street

New York, NY 10007

> RE:   *In re Elysium Health-ChromaDex Litigation*, No. 17 Civ. 7394 (LJL)

Dear Judge Liman:

We write on behalf of Elysium Health Inc., pursuant to Federal Rules of Civil Procedure 36 and 37, and Rule 4.B. of the Court's Individual Practices, to request that the Court compel ChromaDex, Inc. to respond to Elysium's Second Set of Interrogatories ("Interrogatories") Nos. 2-13, and Elysium's First Set of Requests for Admission ("RFAs").  Exs. A, B.[1]

The original case management plan, entered on March 21, 2019, provided a deadline for completion of all discovery and established certain interim discovery deadlines.  ECF No. 77.  The order makes clear that the final discovery deadline is not limited to expert discovery, but rather is for completion of "all discovery, *including* expert discovery." *Id.* ¶ 6.  Indeed, while there are explicit deadlines for completion of document discovery and fact depositions, no such separate deadline exists for service of interrogatories and RFAs.  On November 16, 2020, the Court granted the parties' most recent request to extend the remaining deadlines, resetting the deadline for "fact depositions" to February 9, 2021, and the deadline for "all discovery" to April 23, 2021.  ECF No. 165.

On March 15, 2021, Elysium served its Interrogatories and, on March 23, 2021, Elysium served its RFAs, in accordance with the case schedule.  On April 2, 2021, ChromaDex notified Elysium that it would not respond "to the belated interrogatories and requests for admission."  Ex. C.  ChromaDex's rationale for claiming the discovery is "belated" is the Court's reference in its January 19, 2021 order on Elysium's motion to amend its counterclaims to February 9, 2021 as the deadline for completion of fact discovery.  *Id.* (quoting ECF No. 171 at 3, 11).  There is no indication that, through this language, the Court intended to amend the November 16, 2020 case management schedule—which was not at issue in the motion.  Indeed, the January 19 order on the

---

[1] The parties, in good faith, conferred by telephone on April 12, 2021, but were unable to resolve the dispute.

Hon. Lewis J. Liman
April 12, 2021
Page 2

motion to amend was less than 30 days from the February 9, 2021 deadline, which would have made it impossible for Elysium to timely serve its Interrogatories and RFAs at that point. Nevertheless, ChromaDex continues to insist that Elysium's request are untimely.

## I.       Elysium's Interrogatories are Timely and Proper

Interrogatories Nos. 2-10 are contention interrogatories because they "seek information about the factual bases underlying the claims and contentions of an adverse party." *Tribune Co. v. Purcigliotti,* No. 93 Civ. 7222(LAP)(THK), 1997 WL 540810, at * 1 (S.D.N.Y. Sept. 3, 1997) (citing Southern District of New York Local Rule 33.3); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 281 F.R.D. 1, 4 (D.D.C. 2011) ("'Contention interrogatories' that ask a party what it contends or to state all the facts upon which it bases a contention are perfectly legitimate.").[2] Furthermore, Interrogatories Nos. 2-10 help "the parties focus their arguments after discovery is complete and trial is near by asking them to identify each claim or defense clearly and point to the facts, witnesses, or documents that support them." *Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 110 (S.D.N.Y. 2013).[3]

By rule, contention interrogatories are served (1) "[a]t the conclusion of other discovery," and (2) "at least 30 days prior to the discovery cut-off date."  Rule 33.3(c).  As contention interrogatories, Interrogatories Nos. 2-10 are timely, even if the Court decides to amend the prior scheduling order such that February 9 was also the written fact discovery cutoff.  Contention interrogatories are properly served *after* fact discovery.  *See In re Facebook, Inc.,* No. MDL 12-2389, 2016 WL 5080152, at *3 (S.D.N.Y. July 7, 2016) (collecting cases).  Indeed, in *Erchonia Corp. v. Bissoon*, No. 07 CIV. 8696 DLC, 2011 WL 3904600, at *3 (S.D.N.Y. Aug. 26, 2011), "the Court ordered that such contention interrogatories … could be served only after fact discovery had been completed."

Interrogatories Nos. 11-15 seek factual information that Elysium unsuccessfully attempted to illicit through deposition testimony, including Rule 30(b)(6) witnesses.  Rule 33.3(b) permits either interrogatories after a deposition or a deposition after interrogatories.  Fed. R. Civ. Proc. 33 advisory committee's note (1947) ("It may be quite desirable or necessary to elicit additional information by the inexpensive method of interrogatories where a deposition has already been taken.").  Instead of responding to the inexpensive method of interrogatories served in advance of the April 23, 2021 deadline to complete "all discovery," ChromaDex argues that Elysium's only

---

[2] ChromaDex wrongly asserts that contention interrogatories cannot seek any factual information underlying ChromaDex's contentions.  However, the cases relied upon by ChromaDex expressly authorize contention interrogatories that seek factual information underlying contention if such contention appropriately narrow the issues presented for trial.  The contention interrogatories in those cases did not narrow the issues due to circumstances not relevant here.  *See Clean Earth Remediation & Const. Servs., Inc. v. Am. Int'l Grp., Inc.*, 245 F.R.D. 137, 141 (S.D.N.Y. 2007) (contention interrogatories were improper because fact discovery was not complete); *Pasternak v. Dow Kim*, No. 10 CIV. 5045 LTS JLC, 2011 WL 4552389, at *3 (S.D.N.Y. Sept. 28, 2011) (contention interrogatories were improper because they did not narrow issues).

[3] For example, the Interrogatories seek ChromaDex's factual support for the contentions that key advertisements are "false or misleading," are "likely to influence consumer's purchasing decisions," and concern "an inherent quality or characteristic of the product."  Ex. A, Interrogatory Nos. 4-5.  Absent this information, the parties will likely waste time and judicial resources with pre-trial disputes about statements that are not pertinent to the claims at issue.

Hon. Lewis J. Liman
April 12, 2021
Page 3

recourse was to move to compel further testimony based upon its faulty reading of the scheduling order that any interrogatories had to be served in advance of depositions.

ChromaDex further objects to the Interrogatories on the ground that they exceed the 25-interrogatory limit.  However, the Interrogatories' subparts are "factually interconnected and dependent upon the question posed by the basic interrogatory." *Codename Enterprises, Inc. v. Fremantlemedia N. Am., Inc.*, No. 16CIV1267ATSN, 2017 WL 11567520, at *2 (S.D.N.Y. Mar. 9, 2017).  Parts are factually interconnected even if they ask for the answer to be "disaggregated by type." *Id.*  "A subpart is discrete and regarded as a separate interrogatory" only when "it is logically or factually independent of the question posed by the basic interrogatory." *New Colt Holding Corp. v. RJG Holdings of Fla., Inc.*, No. CIV. 3:02CV173 (PCD), 2003 WL 22305141, at *1 (D. Conn. Feb. 6, 2003).[4]

## II.     ChromaDex's Objections to the Requests for Admissions Are Inadequate

Elysium served RFAs seeking admissions regarding issue of authenticity and admissibility of 16 documents produced by ChromaDex in aid of streamlining issues for upcoming summary judgment motion practice and trial.  ChromaDex recently took the position that it will respond to the RFAs to the extent they contain "requests for authentication alone." Ex. C.  After Elysium raised during the meet and confer that the RFAs also contain requests to admit that the documents were prepared in the regular course of business by an employee with knowledge of the matter, Ex. B, ChromaDex confirmed that it will not respond to such requests.  ChromaDex has offered no justification for this objection, which will merely waste the parties' time and  judicial resources down the road. *See Linde v. Arab Bank, PLC.*, No. CV-04-2799 NG VVP, 2009 WL 8691096, at *11 (E.D.N.Y. June 1, 2009) (ordering that documents be "deemed admissible as authentic business records" due to insufficient response to request for admission).[5]

Accordingly, Elysium respectfully requests the Court grant its motion to compel ChromaDex to respond to its Second Set of Interrogatories Nos. 2-13, and Elysium's First Set of Requests for Admission.

Respectfully submitted,

*/s/ Craig B. Whitney*

Craig B. Whitney

---

[4] Contrary to its claims, ChromaDex treated subparts as a single interrogatory in its own requests. *See* Ex. D, Interrogatory 18 ("Identify the starting and ending dates when Elysium published Advertisements referencing the effect or potential effect of Basis, pterostilbene, or nicotinamide riboside in treating disease, reversing cognitive decline, or increasing human life span.")

[5] *See also Pasternak v. Dow Kim,* No. 10 CIV. 5045 LTS JLC, 2011 WL 4552389, at *5 (S.D.N.Y. Sept. 28, 2011) ("Contrary to Kim's assertions,[Requests for Admission] are not an extension of deposition practice. Instead, Rule 36 reduces the costs of litigation 'by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact.'" (citation omitted)).

Hon. Lewis J. Liman
April 12, 2021
Page 4

cc: Via ECF to Counsel of Record

The motion to compel is DENIED.  The Court's Opinion and Order of January 19, 2021 was clear (as were this Court's prior Orders, *see* Dkt. Nos. 150, 159, 165) that the deadline for all fact discovery was February 9, 2021.  *See* Dkt. No. 171.  Elysium sought neither reconsideration nor clarification, and its interrogatories come months too late.  The discovery deadlines after February 9, 2021 pertain to expert discovery only.

SO ORDERED.  4/16/2021.

_____
LEWIS J. LIMAN
United States District Judge