```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
                                                                 :
                                                                 :
                                                                 :
                                                                 :
                                                                 :       17-cv-7394 (LJL)
                                                                 :
In re Elysium Health-ChromaDex Litigation                        :
                                                                 :          ORDER
                                                                 :
                                                                 :
                                                                 :
                                                                 :
                                                                 :
-----------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/22/22
```

LEWIS J. LIMAN, United States District Judge:

      The Court is in receipt of the parties' joint letter at Dkt. No. 306, in response to the Court's direction that the parties review their motions for certain summary judgment and *Daubert* exhibits to be filed under seal and submit a joint letter listing the documents that should still be under seal along with the basis for each request.  The letter asks that the Court keep under seal the entirety of a large number of depositions "that neither of the parties nor the Court relied upon in connection with the summary judgement [sic] or Daubert motions," with limited exceptions for portions that were actually cited by the parties or the Court, based on the sole justification that the deposition testimony is "replete with confidential competitive information, and Elysium respectfully submits that its resources and those of this Court should not be spent parsing through hundreds of pages of confidential information that is not relevant to the summary judgment or Daubert motions, where there was no apparent basis for all such information to be filed with the Court."  Dkt. No. 306.  It also asks that other documents be redacted in their entirety without apparent consideration whether redaction would be possible. *See, e.g.*, Dkt. No. 306 (discussing Dkt. Nos. 209-7 and 223-18).  The requests are inconsistent with *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  The parties submitted the depositions and exhibits in their entirety for the Court's consideration. "[T]here is a presumption of access to documents submitted to the court at summary judgment." *Id.* at 122.  The public interest protected by *Lugosch* does not turn entirely on whether the Court relied upon a document or a portion of deposition testimony submitted for the Court's consideration.  "'If the rationale behind access is to allow the public an opportunity to assess the correctness of the judge's decision . . . documents that the judge *should* have considered or relied upon, but did not, are just as deserving of disclosure as those that actually entered into the judge's decision.'" *Id.* at 123 (quoting *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*, 1010 F.R.D. 34, 43 (C.D. Cal. 1984) (italics in original)).

      The Court appreciates that there may be a burden for the Court and for the parties in reviewing the exhibits in detail, but that is a burden the parties took on for themselves when they submitted the exhibits.  Accordingly, the Court directs the parties to resubmit the letter by March 1, 2022, identifying with specificity which portions of the depositions or other exhibits should

remain under seal and the basis for those requests. In the absence of such detailed request for sealing, identifying the particular items that should remain under seal and why, the Court shall deny the request for sealing in its entirety and shall place the material on the public docket.

    SO ORDERED.

Dated: February 22, 2022
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge